IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANNTONIO, DIVISION

| | | |
|---|---|---|
| EUGENA L. PHELAN, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO_____5:20-cv-641 |
| TOWN OF HOLLYWOOD PARK | § § § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Comes now, EUGEN L PHELAN, ("Phelan" or "Plaintiff"), complaining of and about the TOWN OF HOLLYWOOD PARK, ("Defendant"), and for cause of action shows unto the Court the following:

### INTRODUCTION

1.  This lawsuit is brought as an individual action by Plaintiff to vindicate her wrongful discharge, based upon disability and retaliation for engaging in protected activity pursuant to the laws identified herein.

### JURISDICTION AND VENUE

2.  The subject matter in controversy is within the jurisdictional limits of this Court and pursuant to the statutes identified in the causes of action below. Additionally Plaintiff has timely complied with all conditions precedent related to the administrative procedures outlined in the statutes identified. Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by

reference Sections 706(f)(1) and (3), of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant conducts business in this district.

## PARTIES AND SERVICE

4. Plaintiff, Phelan, is an individual who resides in Bexar County, Texas.

5. Defendant, Town of Hollywood Park is a municipality formed as a class 1-A municipality under the laws of the State of Texas. Suit against said entity is authorized by the Texas Local Government Code and under The Americans With Disabilities Act. Defendant may be served with a summons by serving its City Administrator or its Mayor.

## NATURE OF ACTION

6. This is an action under to correct unlawful employment practices on the basis of disability discrimination and retaliation for engaging in protected activity.

## FACTS

7. Plaintiff is a 55 year old female.

8. Plaintiff was hired by On November 1, 2010, as the Administrative Assistant for the Police Department. Her last pay rate was $16.94 per hour. From the beginning of Plaintiff's employment, she always reported to whomever the Chief of Police was. From the beginning of Plaintiff's employment, Plaintiff informed her employer of her Migraine headache condition. The employer would accommodate Plaintiff by giving her occasional time off when a migraine would occur and also would accommodate her necessary doctor's visits. The Chief of Police at the outset of Plaintiff's employment always accommodated Plaintiff's disability. During Fall 2016 Shad Pritchard became the new Chief Police. On May

10, 2019, Chief Of Police Shad Prichard called Plaintiff into his office and stated he that he would no longer accommodate her disability and that he wanted Plaintiff to quit. Plaintiff refused to quit and so Pritchard fired Plaintiff. Plaintiff has never been written up for violating the city leave policy and Plaintiff was fourteen months from retirement.

9. On or about June 14, 2019, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, alleging that Plaintiff was being discriminated against because of her disability and for retaliation for having engaged in protected activity. A dismissal and Notice of Rights was mailed on February 28, 20220 and was received no earlier than March 5, 2020.

## CAUSES OF ACTION

### COUNT I

### Discrimination in Violation of The Americans With Disabilities Act

11. Plaintiff incorporates by reference the facts and allegations contained in the previous paragraphs as if set forth verbatim.

12. Plaintiff suffers from debilitating migraine headaches which limit her ability to perform multiple work related tasks.

13. While employed, Plaintiff informed Defendant that she had been diagnosed with migraine headaches and that the impairments interfered with her ability to perform work. Without an accommodation, Plaintiff was prevented her from performing the essential functions of work. Defendant, refused reasonable requests from Plaintiff to modify her work assignment in a way that would permit her to continue working, and for making such a request, Plaintiff was fired.

14. Defendants engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112 *et seq.,* by failing to provide a reasonable accommodation to the disabilities of Plaintiff Phelan. These acts or omissions by the Defendant ultimately resulted in Defendant firing Plaintiff illegally.

15. The effect of the practices complained of in herein has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee on the basis of her disabilities, specifically her migraines.

16. The unlawful employment practices complained of herein above were intentional.

17. The unlawful employment practices complained herein were done with malice or with reckless indifference to Plaintiff's federally protected rights.

18. Defendant, by and through Defendant's agents, engaged in unlawful employment practices involving Plaintiff because of her disability.

19. The employment practices of Defendant, by and through Defendant's agents, had a disparate and adverse impact on Plaintiff because of her disability. Such employment practices were not job-related and were not consistent with business necessity.

## COUNT II

**Discrimination Against Disability**
**Violation of The Americans With Disabilities Act ("ADA") 42 U.S.C. § 12101 *et. seq.,*
"Regarded or Perceived as Disabled," and Tex. Lab. Code § 21.051 *et. seq.*

20. Plaintiff incorporates by reference the facts and allegations contained in the previous paragraphs as if set forth verbatim.

21. Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability. At all material times, Defendant was aware of her disability and/or regarded or perceived her as disabled.

22. Plaintiff suffers from debilitating migraine headaches which limit her ability to perform multiple work related tasks.

23. While employed, Plaintiff informed Defendant that she had been diagnosed with migraine headaches and that the impairments interfered with her ability to perform work. Without an accommodation, Plaintiff was prevented her from performing the essential functions of work. Defendant, refused reasonable requests from Plaintiff to modify her work assignment in a way that would permit her to continue working, and for making such a request, Plaintiff was fired.

24. Defendants engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112 *et seq.,* by failing to provide a reasonable accommodation to the disabilities of Plaintiff Phelan. These acts or omissions by the Defendant ultimately resulted in Defendant firing Plaintiff illegally.

25. The effect of the practices complained of in herein has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee on the basis of her disabilities, specifically her migraines.

26. The unlawful employment practices complained of herein above were intentional.

27. The unlawful employment practices complained herein were done with malice or with reckless indifference to Plaintiff's federally protected rights.

28. Defendant, by and through Defendant's agents, engaged in unlawful employment practices involving Plaintiff because of her disability.

29. The employment practices of Defendant, by and through Defendant's agents, had a disparate and adverse impact on Plaintiff because of her disability. Such employment practices were not job-related and were not consistent with business necessity.

### COUNT III

### Retaliation
### Violation of The Americans With Disabilities Act ("ADA") 42 U.S.C. § 12101 *et. seq.,* Tex. Lab. Code § 21.051 *et. seq.,* and Tex. Lab. Code §§ 21.055 *et. seq.*

30. Plaintiff incorporates by reference the facts and allegations contained in the previous paragraphs as if set forth verbatim.

31. Plaintiff alleges that Defendant, instituted a campaign of retaliation. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice, making or filing a charge, filing a complaint, and testifying, assisting, or participating in an investigation or proceeding regarding an unlawful discriminatory practice. This wrongful action by Defendant violates Plaintiff's federal and sate protected rights.

32. Defendant, committed unlawful employment practices against Plaintiff because Plaintiff engaged in activity protected under the Americans with Disabilities Act and the Texas Labor Code.

33. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because of her engagement in a protected activity.

34. Plaintiff would show that the retaliatory actions taken against her were motivated by Plaintiff's request for a reasonable accommodation.

35. Plaintiff alleges that the retaliation was committed with malice or with reckless indifference to the state-protected rights of Plaintiff.

36. Plaintiff suffered damages for which Plaintiff herein sues.

### DAMAGES

37. Defendant's wrongful acts were a proximate cause of serious damage and injury to Plaintiff. Plaintiff seeks damages within the jurisdictional limits of the Court.

## DEMAND FOR JURY TRIAL

38. Plaintiff hereby demands a trial by jury and tenders the jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, prays that Defendant, be cited to appear and answer, and that upon a final judgment, Plaintiff, have the following:

(A) judgment against Defendant for damages, jointly and severely in a sum exceeding the minimum jurisdictional limits of the Court, representing wage payments, vacation pay, bonuses, overtime, health care benefits, inconvenience, loss of enjoyment of life, other non-pecuniary losses, and all of the compensation due to Plaintiff that accrued at the time of the filing of this Petition, plus interest at the legal rate from the date each payment became due until the date of judgment;

(B) a judgment sum representing wages payments, vacation pay, bonuses, overtime pay, health care benefits, inconvenience, loss of enjoyment of life, other non-pecuniary losses, and all other compensation due Plaintiff that accrued from the date of the filing of this Petition to the date of judgment, plus interest from the date each payment becomes due until the date of judgment;

(C) a further sum representing the present value of unaccrued wage payments, vacation pay, bonuses, health care benefits, inconvenience, loss of enjoyment of life, other nonpecuniary losses, and all other compensation due to Plaintiff for the period following the date of judgment, calculated as of the date of judgment for the losses that Plaintiff has to sustain in the future;

(D) liquidated damages as provided by law;

(E) an award of exemplary and punitive damages against Defendant within the jurisdictional limits of this Court as may be determined by the trier of fact;

(F) pre-and post–judgment interest at the legal rate until paid;

(G) Attorney's fees and expenses;

(H) costs of court; and

(I) for such other and further relief to which Plaintiff may show herself justly entitled.

5:20-cv-641

Respectfully submitted,

By: */s/ Glenn D. Levy*
Glenn D. Levy
Texas Bar No. 12264925
906 Basse Road, Suite 100
San Antonio, Texas  78212
Glenn@GlennLevyLaw.com
Telephone: (210) 822-5666
Facsimile: (210) 822-5650

**ATTORNEY FOR PLAINTIFF**